# IN THE COURT OF APPEALS OF IOWA

No. 21-1798
Filed February 16, 2022

**IN THE INTEREST OF M.R., D.R., S.R., A.R., and L.R.,**
**Minor Children,**

**T.R., Mother,**
    Appellant,

**D.R., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Patricia A. Rolfstad, Davenport, for appellant mother.

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

G. Brian Weiler, Davenport, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

A mother and father separately appeal the termination of their parental rights. The State established the grounds for termination by clear and convincing evidence, and termination of both parents' rights is in the children's best interests. We affirm on both appeals.

T.R. and Da.R. are the parents of five children: M.R., born in 2012; D.R., born in 2015; S.R., born in 2018; and A.R. and L.R., born in 2019. In March 2020, the parents were reported to be using methamphetamine. In May, after the parents failed a safety plan, the children were removed from their custody and placed with the mother's parents.[1] The children were adjudicated children in need of assistance (CINA) in August.

The mother and father had a volatile relationship marked by drug use and domestic violence. The parents admitted using drugs and tested positive for illegal substances throughout the CINA proceedings.

The mother would often visit, stay over, and take care of the children in her parents' home, sometimes without supervision, but was still using drugs during that period. The grandparents tested positive for illegal drugs in April 2021, and the children were moved to family foster care. The mother admitted to a court-appointed special advocate she knew her parents were using drugs but chose not to inform DHS. She participated in substance-abuse treatment sporadically, but had not finished her program before the termination hearing.

---

[1] The family was previously involved with the department of human services (DHS) in 2018 and 2019 due to the parents' drug abuse and domestic violence.

The court terminated both parents' parental rights under Iowa Code section 232.116(1)(d), (e), (f) (as to M.R. and D.R.), (h) (as to S.R., A.R., and L.R.), (i), and (*l*) (2021). The father's parental rights were also terminated under section 232.116(1)(b). Each parent appeals.

We review termination-of-parental-rights proceedings de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). While we give weight to the juvenile court's factual findings, we are not bound by them. *Id.* "Our primary concern is the best interests of the children." *In re L.H.*, 949 N.W.2d 268, 270 (Iowa Ct. App. 2020). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

*Mother's appeal.* The mother asserts the State failed to prove the children could not be returned to her "at the present time" or "in a reasonable amount of time." *See* Iowa Code § 232.116(1)(f)(4), (h)(4), (i)(3), and (*l*)(3). She also states there was no evidence she was unwilling to respond to services, she maintained significant and meaningful contact with the children, and there is no evidence she placed the children in imminent danger or presented a risk to their lives. *See id.* § 232.116(1)(d)(2), (e)(3), and (i)(2).

The age, CINA adjudication, and custody elements of termination for all five children under section 232.116(1)(f)(1)–(3) (as to M.R. and D.R.) and (h)(1)–(3) (as to S.R., A.R., and L.R.) are clearly established in the record. The last element for termination under these two paragraphs requires clear and convincing evidence the children cannot be returned to the parent's custody "at the present time." *Id.*

§ 232.116(1)(f)(4), (h)(4). "[A]t the present time" means at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

At the time of the hearing, the mother was unemployed and living with her parents in a senior-living apartment. She testified she was no longer in a relationship with the father but was expecting another child and planned to co-parent with him. The mother has demonstrated little protective capacity or awareness of how her actions impact the children. Clear and convincing evidence confirms the mother was not able to take custody of the children at the time of the termination hearing. We affirm the termination of the mother's parental rights under Iowa Code section 232.116(1)(f) and (h).

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). Iowa Code section 232.116(2) instructs, "[T]he court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." We will not deprive a child of permanency "by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child[ren]." *Id.* at 112 (citation omitted).

The mother asserts it is not in the children's best interests to terminate her parental rights, particularly because of the parent-child bond. Reviewing the record, we see no evidence the mother has established a strong parent-child bond with the children. The mother was not consistent in attending visitation, struggled with appropriate interactions with the children, and did not demonstrate the ability

to properly supervise the children during her visits. The children turned to the Families First worker for help and attention rather than the mother. She did not attend the parenting sessions recommended by DHS and did not follow through on parenting suggestions from workers. The mother has not shown herself able to provide a safe and stable home for the children. We find termination of the mother's parental rights is in the children's best interests.

*Father's appeal.* The only issue the father raises on appeal is the parent-child bond exception to termination under Iowa Code section 232.116(3)(c). At the October termination hearing , the father had not visited with the children in nearly four months, did not reliably attend visits before that and showed no ability to parent the children when he did attend. The father has not established a close parent-child bond with any of the children that would make termination of his parental rights detrimental to the child. *See* Iowa Code § 232.116(3)(c). Termination of the father's parental rights was in the children's best interests.

**AFFIRMED ON BOTH APPEALS.**